HIBERNIA SAVINGS AND LOAN SOCIETY, Respondent,
v. DENNIS JORDAN, Appellant.*

No. 6215; November 29, 1880.

**Executors and Administrators — Presentation of Mortgage Claims.**—In an action of foreclosure on a mortgage against a decedent commenced in 1877, where the notice to creditors had been published in February, 1873, during which year the statute provided that a mortgage claim need not be presented, there is no necessity for a presentation, though at the time the mortgage was executed, and also during the last half of 1874, and all of 1875, the statute required presentation, and provided that no action could be maintained without it.

---

*For former opinion, see 2 Cal. Unrep. 79.

Executors and Administrators — Presentation of Mortgage
Claims.—The amendments of 1874 of sections 1493 and 1500 of the
Code of Civil Procedure, in the matter of presentation of mortgage
claims against decedents' estates, did not have any retroactive oper-
ation.

APPEAL from the District Court of the Fourth Judicial
District, City and County of San Francisco.

G. R. B. Hayes for appellant; Tobin & Tobin for re-
spondent.

ROSS, J.—The mortgage, for the foreclosure of which this
action was brought, was executed in March, 1872, and was
made payable three years after its date. The mortgager died
in December, 1872. Administration upon her estate was had.
Notice to creditors was published in February, 1873. The
claim in suit was never presented to the representative of the
estate for allowance, but the plaintiff, in 1877, commenced the
present action, and in the complaint expressly waived all
recourse against any other property of the estate than that
embraced in the mortgage.

According to the law in force at the time the mortgage was
executed, presentation of all claims to the representative of
the estate for allowance was necessary; but in January, 1873,
it was provided by statute that a mortgage claim need not
be presented where all recourse against all other than the
mortgaged property is expressly waived in the complaint.
Such was the law at the time the notice was given, and such
it remained until July, 1874. According to the law, there-
fore, under which the notice was given, the plaintiff was not
required to present its claim for allowance within the time
mentioned in the notice, nor at all. In July, 1874, however,
the law was again changed and the statute then made to read
as follows:

"Section 1493. If a claim arising upon a contract here-
tofore made be not presented within the time limited in the
notice, it is barred forever, except as follows: If it be not then
due, or if it be contingent, it may be presented within one
month after it becomes due or absolute, if it be made to ap-
pear by the affidavit of the claimant, to the satisfaction of
the executor or administrator and the probate judge, that
the claimant had no notice, as provided in this chapter, by

reason of being out of the state, it may be presented at any time before a decree of distribution is entered. A claim for a deficiency remaining unpaid after a sale of property of the estate mortgaged or pledged, must be presented within one month after such deficiency is ascertained. All claims arising upon contracts hereafter made, whether the same be due, not due, or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever; provided, however, that when it is made to appear by the affidavit of the claimant, to the satisfaction of the executor or administrator and the probate judge, that the claimant had no notice, as provided in this chapter, by reason of being out of the state, it may be presented at any time before a decree of distribution is entered.''

''Section 1500. No holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator.''

Unless these sections are made by construction to retroact, we do not see what application they can have to the plaintiff's case. Not only is there nothing in the sections themselves to indicate an intention on the part of the legislature to give them such effect, but section 3 of the same code (Code Civ. Proc.) declares that ''no part of it is retroactive unless expressly so declared.''

To hold the plaintiff's claim barred by the statute would be to give an effect to the notice which it did not and could not have under the law under which it was published, and would require us to give to section 1493, above quoted, a retroactive effect when there is nothing in the section itself demanding such construction, and when there are other sections of the same code indicating that it could not be given. In our opinion, the judgment should be affirmed, and it is so ordered.

We concur: McKinstry, J.; Thornton, J.

I concur in the judgment: Myrick, J.

Morrison, C. J., not having heard the argument, took no part in the decision of this case.

McKee and Sharpstein, JJ., dissented.